# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:21-cr-00161-SL |
| Plaintiff, | JUDGE SARA LIOI |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| JAMALL L. JACKSON, | |
| Defendant. | **REPORT AND RECOMMENDATION** |

Judge Sara Lioi referred this matter to the undersigned, pursuant to General Order 99-49, for purposes for receiving, on consent of the parties, the defendant's offer of a plea of guilty, conducting the colloquy prescribed by Fed. R. Crim. P. 11, causing a verbatim record of the proceedings to be prepared, referring the matter, if appropriate, for presentence investigation, and submitting a Magistrate Judge's Report and Recommendation stating whether the plea should be accepted and a finding of guilty entered. The following, along with the transcript or other record of the proceedings submitted herewith, constitutes the Magistrate Judge's Report and Recommendation concerning the plea of guilty proffered by the defendant.

1. On June 23, 2021, the defendant, accompanied by counsel, proffered a plea of guilty to Counts 1 and 2 of the Indictment.

2. Prior to such proffer, the defendant was examined as to his competency, advised of the charge and consequences of conviction, informed that the Federal Sentencing Guidelines are advisory and the Court must consider them but the Court may impose

any sentence authorized by law, notified of his rights, advised that he was waiving all his rights except the right to counsel, and, if such were the case, his right to appeal, and otherwise provided with the information prescribed in Fed. R. Crim. P. 11.

3. The parties and counsel informed the court about a plea agreement between the Parties; the undersigned was advised that, aside from such agreement as described or submitted to the court, no other commitments or promises have been made by any party, and no other agreements, written or unwritten, have been made between the parties.  During the proceedings it was discovered that the parties had misstated the maximum potential penalty for Count 1 and Count 2.  The plea agreement indicated a potential for life imprisonment; but the court indicated, and counsel agreed, that the maximum is 40 years.  Counsel requested that the court make the correction on the original plea agreement, and Defendant Jackson concurred.  But then it was discovered that the statutory section for the offense charged in Count 2 was not properly typed.  Although there was a similar request for an interlinear change, the court directed counsel to proceed to prepare and to have Mr. Jackson sign corrected plea agreement that would encompass the changes described on the record.

4. The parties provided the undersigned with sufficient information about the charged offense and the defendant's conduct to establish a factual basis for the plea, and the defendant acknowledged that he committed the acts alleged in the indictment.

5. The undersigned questioned the defendant under oath about the knowing, intelligent, and voluntary nature of the plea of guilty, and finds that the defendant's plea was offered knowingly, intelligently, and voluntarily.

In light of the foregoing and the record submitted herewith, the undersigned finds that the defendant's plea was knowing, intelligent, and voluntary, and that all requirements imposed by the United States Constitution and Fed. R. Crim. P. 11 have been satisfied. Therefore, the undersigned recommends that the plea of guilty be accepted and a finding of guilty be entered by the Court.

Dated: June 23, 2021

                                                Thomas M. Parker
                                                United States Magistrate Judge

_____

**OBJECTIONS**

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice. Fed. R. Crim. P. 59. Failure to file objections within the specified time constitutes a WAIVER of the right to appeal the Magistrate Judge's recommendation. Id.